**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TONYA A. GILMORE | ) |
| | ) |
| Plaintiff, | ) **Civil Action No.** |
| | ) |
| v. | ) |
| | ) |
| FIRST PREMIER BANK | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

1.     This is an action for damages brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, as amended, and various other common law rights.

## THE PARTIES

2.     Plaintiff Tonya A. Gilmore is an adult individual residing at 227 Willis Road, Elters, PA 17319.

3.     Defendant First Premier Bank is a business entity which regularly conducts business in Philadelphia County, and which has a principal place of business located at 601 S. Minnesota Ave, Sioux Falls, SD 57104.

## JURISDICTION & VENUE

4.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6.      Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

7.      The inaccurate information involves three First Premier credit card accounts about Plaintiff wherein Plaintiff was reported as "deceased" in connection with each account even though she was very much alive.

8.      The inaccurate information negatively impacted Plaintiff, who was reported as a consumer without any credit score due to the "deceased" notation.

9.      Credit reporting agencies have been reporting the inaccurate information provided by Defendant through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown, from August 2007 through the present.

10.     Plaintiff has repeatedly disputed the inaccurate information concerning the accounts with the credit reporting agencies and with Defendant, including as recently as November 2008 and January 2009.

11.     Notwithstanding Plaintiff's disputes, Defendant has failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, and has willfully continued to report such inaccurate information to various credit reporting agencies.

12.     Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove

2

the inaccurate information, has failed to report on the results of its reinvestigations to all credit reporting agencies, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about the Plaintiff.

13.     Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

14.     Plaintiff's credit reports and file have been obtained from credit reporting agencies and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

15.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and/or other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

16.     As a result of Defendant's conduct, Plaintiff has suffered great emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

17.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

18.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

19.     At all times pertinent hereto, the conduct of Defendant, as well as that of it agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I - VIOLATIONS OF THE FCRA

20.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21.     At all times pertinent hereto Defendant is a "person" as that term defined by 15 U.S.C. § 1681a(b).

22.     Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct:

(a)     willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b)     willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

(c)     willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d)     willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e)     willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f)     willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that Plaintiff submitted to Defendant which proved that the information concerning the Plaintiff's credit reports was inaccurate;

(g)     willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities; and

(h)     willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

23.     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

**COUNT II - DEFAMATION**

24.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.     At the times pertinent hereto, Defendant published statements through writing to various credit reporting agencies, collection agencies and/or attorneys that are false and negative representations concerning Plaintiff's credit information and history.

26.     At a minimum, Defendant published these statements each time Plaintiff has notified Defendant and other credit reporting agencies of Plaintiff's dispute and each time a credit-reporting agency has reinvestigated the dispute.

27.     The statements made by Defendant are false as outlined above.

28.     Defendant has published these statements to at least the credit reporting agencies.

29.     Defendant knew that the statements were false when made and had no factual basis for making the statements, as Plaintiff had notified Defendant that the statements were false for the above-mentioned reasons and, nonetheless, continued to publish such statements.

30.     The written statements and publications constitute libel per se.

31.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

## COUNT III - NEGLIGENCE

32.     Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

33.     Defendant's negligence consists of the following:

(a)     Violating the FCRA as set forth above;

6

(b)     Failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(c)     Failing to review all relevant information concerning Plaintiff's account that was sent from the credit reporting agencies;

(d)     Failing to report the results of investigations to the relevant consumer reporting agencies;

(e)     Failing to report the inaccurate status of the inaccurate information to all credit reporting agencies, including those agencies to whom Defendant originally furnished information; and

(f)     Failing to delete or correct the inaccurate information;

34.     As a result of the above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

35.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result Defendant is liable to compensate the Plaintiff for the full amount of actual and compensatory damages, and punitive damages as well as such other relief, permitted under the law.

## COUNT IV - INVASION OF PRIVACY

36.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37.     Defendant's above actions violated Plaintiff's right of privacy by impermissibly accessing Plaintiff's most private information and placing the Plaintiff in a false light before the

eyes of others, including potential credit grantors and creditors as well as the credit reporting agencies.

38.     By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendant invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

39.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

40.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant, based on the following requested relief:

(a)     Statutory damages;

(b)     Actual damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n & 1681o.

(e)       Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:    */s/Mark Mailman*
MARK MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
GREGORY J. GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiffs

Dated:  August 3, 2009