IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| TONYA A. GILMORE<br>Plaintiff.<br>v.<br><br>FIRST PREMIER BANK<br>Defendant. | :<br>: Civil Action No. 09-3534<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>: |

## ANSWER WITH AFFIRMATIVE DEFENSES
## OF DEFENDANT, FIRST PREMIER BANK

FIRST PREMIER BANK ("PREMIER"), by and through its undersigned counsel, answers Plaintiff's Complaint as follows:

1. Denied.

## THE PARTIES

2. Answering Defendant, PREMIER, after reasonable investigation is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in paragraph 2 of the Plaintiff's Complaint and therefore, they are denied and strict proof thereof, is demanded at the time of trial.

3. Admitted.

## JURISDICTION AND VENUE

4. The allegations in paragraph 4 contain conclusions of law to which no response is required. To the extent any response is required, PREMIER denies the allegations of paragraph 4.

5. The allegations in paragraph 5 contain conclusions of law to which no response is required. To the extent any response is required, PREMIER denies the allegations of paragraph 5.

397559_1

## **FACTUAL ALLEGATIONS**

6. PREMIER admits that it has reported information to credit reporting agencies regarding Plaintiff's PREMIER credit card accounts but denies, generally and specifically, each and every other allegation of paragraph 6.

7. PREMIER admits that it has reported information to credit reporting agencies regarding Plaintiff's PREMIER credit card accounts but denies, generally and specifically, each and every other allegation of paragraph 7 that pertains to PREMIER.

9. PREMIER admits that it has reported information to credit reporting agencies regarding Plaintiff's PREMIER credit card accounts but denies, generally and specifically, each and every other allegation of paragraph 9 that pertains to PREMIER. In regard to the factual allegations of paragraph 9 that pertain to other non-party actors, Defendant, PREMIER is without knowledge or information to form a belief as the truth of the allegations, and on that basis it denies, generally and specifically, each and every allegation therein.

10. PREMIER, after reasonable investigation, is without knowledge or information to form a belief as the truth of the factual allegations, set forth in paragraph 10 of the Plaintiff's Complaint and on that basis it generally denies the Plaintiff's allegations and strict proof thereof is demanded at the time of trial.

11. PREMIER, after reasonable investigation is without knowledge or information to form a belief as the truth of the factual allegations, set forth in paragraph 11 of the Plaintiff's Complaint and on that basis it generally denies the Plaintiff's allegations and strict proof thereof is demanded at the time of trial. PREMIER specifically denies plaintiff's allegations of willful reporting of inaccurate information. The remaining allegations of paragraph 11 of the Plaintiff's Complaint are conclusions of law to which no response is required. To the extent that a response is required, PREMIER denies, generally and specifically, each and every allegation therein.

12. PREMIER, after reasonable investigation is without knowledge or information to form a belief as the truth of the factual allegations, set forth in paragraph 12 of the Plaintiff's Complaint and on that basis it generally denies the Plaintiff's allegations and strict proof thereof is demanded at the time of trial. PREMIER specifically denies plaintiff's allegations of willful reporting of inaccurate information. The remaining allegations of paragraph 12 of the Plaintiff's Complaint are conclusions of law to which no response is required. To the extent that a response is required, PREMIER denies, generally and specifically, each and every allegation therein.

13. PREMIER, after reasonable investigation is without knowledge or information to form a belief as the truth of the factual allegations, set forth in paragraph 13 of the Plaintiff's Complaint and on that basis it generally denies the Plaintiff's allegations and strict proof thereof is demanded at the time of trial.

14. PREMIER, after reasonable investigation is without knowledge or information to form a belief as the truth of the factual allegations, set forth in paragraph 14 of the Plaintiff's Complaint and on that basis it generally denies the Plaintiff's allegations and strict proof thereof is demanded at the time of trial.

15. PREMIER, after reasonable investigation is without knowledge or information to form a belief as the truth of the factual allegations, set forth in paragraph 15 of the Plaintiff's Complaint and on that basis it generally denies the Plaintiff's allegations and strict proof thereof is demanded at the time of trial. The remaining allegations of paragraph 15 of the Plaintiff's Complaint are conclusions of law to which no response is required. To the extent that a response is required, PREMIER denies, generally and specifically, each and every allegation therein.

16. PREMIER, after reasonable investigation is without knowledge or information to form a belief as the truth of the factual allegations, set forth in paragraph 16 of the Plaintiff's Complaint and on that basis it generally denies the Plaintiff's allegations and strict proof thereof is demanded at the time of trial. The remaining allegations of paragraph 16 of the Plaintiff's

Complaint are conclusions of law to which no response is required. To the extent that a response is required, PREMIER denies, generally and specifically, each and every allegation therein.

17. PREMIER, after reasonable investigation is without knowledge or information to form a belief as the truth of the factual allegations, set forth in paragraph 17 of the Plaintiff's Complaint and on that basis it generally denies the Plaintiff's allegations and strict proof thereof is demanded at the time of trial. The remaining allegations of paragraph 17 of the Plaintiff's Complaint are conclusions of law to which no response is required.

18. PREMIER, after reasonable investigation is without knowledge or information to form a belief as the truth of the factual allegations, set forth in paragraph 18 of the Plaintiff's Complaint and on that basis it generally denies the Plaintiff's allegations and strict proof thereof is demanded at the time of trial. The remaining allegations of paragraph 18 of the Plaintiff's Complaint are conclusions of law to which no response is required.

19. PREMIER, after reasonable investigation is without knowledge or information to form a belief as the truth of the factual allegations, set forth in paragraph 19 of the Plaintiff's Complaint and on that basis it generally denies the Plaintiff's allegations and strict proof thereof is demanded at the time of trial. The remaining allegations of paragraph 19 of the Plaintiff's Complaint are conclusions of law to which no response is required.

## COUNT I – VIOLATIONS OF THE FCRA

20. PREMIER incorporates herein by reference paragraphs 1 through 19 above, as if the same were fully set forth herein at length.

21. Paragraph 21 contains conclusions of law to which no response is required. To the extent that a response is required, and to the extent paragraph 21 pertains to PREMIER, PREMIER admits that it is a person as that term is defined by 15 USC 1681a(b). By way of further Answer, PREMIER is a furnisher of information and not a Consumer Reporting Agency as defined under the Fair Credit Reporting Act.

22. (a.-h.)  Paragraph 22, including subparagraphs a-h, contains conclusions of law to which no response is required.  To the extent that a response is required, PREMIER denies, generally and specifically, each and every allegation therein.

23.  Paragraph 23 contains conclusions of law to which no response is required.  To the extent that a response is required, PREMIER denies, generally and specifically, each and every allegation therein.

## COUNT II – DEFAMATION

24.  PREMIER incorporates herein by reference paragraphs 1 through 24 above as if the same were fully set forth herein at length.

25-31.  Paragraph 25-31 contain conclusions of law to which no response is required.  To the extent that a response is required, PREMIER denies the allegations contained therein.

## COUNT III – NEGLIGENCE

32.  PREMIER incorporates herein by reference paragraphs 1 through 31 above as if the same were fully set forth herein at length.

33. (a-f.)  Paragraph 33, including subparagraphs a-f, contains conclusions of law to which no response is required.  To the extent that a response is required, PREMIER denies, generally and specifically, each and every allegation therein.

34.  Paragraph 34 contains conclusions of law to which no response is required.  To the extent that a response is required, PREMIER denies, generally and specifically, each and every allegation therein.

35.  Paragraph 35 contains conclusions of law to which no response is required.  To the extent that a response is required, PREMIER denies, generally and specifically, each and every allegation therein.

## COUNT IV – INVASION OF PRIVACY

36.  PREMIER incorporates herein by reference paragraphs 1 through 35 above as if the same were fully set forth herein at length.

37-39. Paragraphs 37-39 contain conclusions of law to which no response is required. To the extent that a response is required, PREMIER denies, generally and specifically, each and every allegation therein.

## JURY TRIAL DEMANDED

40. Paragraph 40 does not require a response from PREMIER.

## PRAYER FOR RELIEF

WHEREFORE, PERMIER denies liability and demands judgment in its favor and against the Plaintiff, plus interest, costs, and attorney fees as provided by law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure of State of Claim)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against PREMIER, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any relief whatsoever from PREMIER.

### SECOND AFFIRMATIVE DEFENSE

(Immunity)

Plaintiff's claims against PREMIER are barred by the qualified immunity of 15 U.S.C. §1681h(e).

### THIRD AFFIRMATIVE DEFENSE

(Truth/Accuracy of Information)

All the Plaintiff's claims against PREMIER are barred because all information PREMIER communicated to any third person regarding Plaintiff was true based upon the information provided to it.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Plaintiff has failed to mitigate her damages.

### FIFTH AFFIRMATIVE DEFENSE

(Contributory, Comparative Fault)

PREMIER is informed and believes and alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and resulted from

Plaintiff's own negligence which equaled or exceeded any negligence or wrong doing by PREMIER.

### SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

Any damage which Plaintiff may have suffered, which PREMIER continues to deny, are the direct and proximate result of the conduct of Plaintiff, and therefore, Plaintiff is estopped and barred from any recovery of any damages.

### SEVENTH AFFIRMATIVE DEFENSE
### (Stature of Limitations – Fair Credit Reporting Act – 15 U.S.C. § 1681p)

PREMIER is informed and believes and therefore alleges that Plaintiff's Claims for relief pursuant to the Fair Credit Reporting Act are barred by the applicable two-year statute of limitations, including but not limited to 15 U.S.C. §1681p. Therefore, to the extent that the Plaintiff's claims and damages arise from PREMIER's receipt of Consumer Dispute Verification Forms (CDV's) from a Consumer Reporting Agency and reporting of alleged inaccurate information which PREMIER specifically denies, prior to August 3, 2007 (Two years prior to the filing of the Plaintiff's Complaint) the Plaintiff's claims and damages are barred.

### EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations – Plaintiff's Defamation Claim – 42 P.S.C. § 5523)

PREMIER is informed and believes and therefore alleges that the Plaintiff's Defamation Claims and damages for alleged Publication of inaccurate information about the Plaintiff occurring before August 3, 2008 are barred by the one (1) year Statute of Limitations

### NINTH AFFIRMATIVE DEFENSE
### (Latches)

The Complaint, and each claim for relief therein, is barred by latches.

### TENTH AFFIRMATIVE DEFENSE
### (Qualified Privilege)

PREMIER's actions are subject to a qualified privilege.

## ELEVENTH AFFIRMATIVE DEFENSE

PREMIER asserts that the Fair Credit Reporting Act provides the exclusive remedy for any alleged damages in this case and preempts all of the Plaintiff's state law claims.

## TWELFTH AFFIRMATIVE DEFENSE

PREMIER asserts that it complied with all of its duties under the Fair Credit Reporting Act that may have been triggered upon notice from Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained damages by reason of the matters alleged in Plaintiff's Complaint, which is denied, then said damages were caused solely by or contributed to by the acts or fault of third parties were not caused or contributed to by the acts or fault of PREMIER, its officers, agents, contractors, servants, employees or others for whom PREMIER was responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred and are limited by virtue of any and all releases executed prior to or the pendency of the instant action.

## FIFTEENTH AFFIRMATIVE DEFENSE

If it is determined that this defendant was negligent, which is specifically denied, the negligence of third parties, which proximately caused the Plaintiff's alleged injuries were greater than the negligence of this defendant, and accordingly this defendant is entitled to indemnification, contribution and apportionment of any such liability.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages if any, which are specifically denied, were proximately caused by unforeseeable, independent, intervening or superseding events beyond the control and unrelated to the conduct of this defendant. The defendant's actions and/or omissions, if any, which the defendant specifically denies, were superseded by such unforeseeable, independent, intervening and superseding events.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no private right of action against PREMIER, a furnisher of information under 15 U.S.C. § 1681s-2(a).

### EIGHTEENTH AFFIRMATIVE DEFENSE

PREMIER's duty as a Furnisher of Information to investigate if any, is triggered by receipt of notice of a dispute by a consumer reporting agency and not the consumer pursuant to 15 U.S.C. § 1681s-2(b).

### NINETEENTH AFFIRMATIVE DEFENSE
### (Arbitration Is Condition Precedent To Suit)

The Credit Card Contract between Plaintiff and PREMIER requires that Plaintiff arbitrate the claims that are at issue in this action. PREMIER has not waived arbitration. Plaintiff has at all times failed and refused to arbitrate such claims and has made no attempt to submit the claims to arbitration. Arbitration is a condition precedent to commencement and maintenance of this action and the action is barred by the absence of arbitration. PREMIER hereby moves the Court for an Order requiring Plaintiff to submit the claims in her Complaint against PREMIER to binding arbitration in accordance with the Credit Card Contract and for a stay of proceedings in this action against PREMIER pending completion of arbitration.

### TWENTIETH AFFIRMATIVE DEFENSE

PREMIER reserves the right to assert additional affirmative defenses at such time and at such extent as warranted by discovery and the factual developments in this case.

Dated: October 7, 2009          GERMAN, GALLAGHER & MURTAGH P.C.

By: /s/ William J. D'Annunzio
William J. D'Annunzio, Esq.
GERMAN, GALLAGHER & MURTAGH, P.C.
The Bellevue, Suite 500
200 South Broad Street
Philadelphia, PA. 19102
Telephone: (215) 545-4017
Facsimile: (215) 732-4182
E-mail: dannunziow@ggmfirm.com
**Counsel for Defendant, First Premier Bank.**

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| TONYA A. GILMORE <br>     Plaintiff. <br> v. <br><br> FIRST PREMIER BANK <br>     Defendant. | Civil Action No. 09-3534 <br><br><br> JURY TRIAL DEMANDED |

CERTIFICATE OF SERVICE

I William J. D'Annunzio, Esquire Counsel for Defendant, First Premier Bank, hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant, First Premier Bank was served this day via ECF and first-class mail, postage pre-paid to the following parties and their counsel:

Mark D. Mailman, Esquire
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, Pa. 19110
**Counsel for Plaintiff, Tonya Gilmore**

Dated: October 7, 2009          GERMAN, GALLAGHER & MURTAGH P.C.

                                       By: /s/ William J. D'Annunzio
                                               William J. D'Annunzio, Esq.
                                               GERMAN, GALLAGHER & MURTAGH, P.C.
                                               The Bellevue, Suite 500
                                               200 South Broad Street
                                               Philadelphia, PA. 19102
                                               Telephone: (215) 545-4017
                                               Facsimile: (215) 732-4182
                                               E-mail: dannunziow@ggmfirm.com